# James Young, Admr. of Jane Young, for use, *v.* T. H. Baird Patterson, Appellant.

*Bond—Parties—Action—Widow and heirs—Agreement—Evidence.*

Defendant, having in his hands money derived from the estate of an intestate, executed a bond to the widow of the intestate conditioned to pay to the widow, her executors, administrators or assigns, the said sum of money with legal interest payable semi-annually. The principal of the fund belonged to decedent's children. *Held,* (1) that after the death of the widow, her administrator was entitled to bring suit on the bond. and (2) that in such a suit evidence was inadmissible that the giving of the bond was in pursuance of an agreement with the children that the interest should be paid to the mother during life, and at her death the principal to the children, and that some of the children had arranged with defendant to settle concerning their respective shares, severally.

Argued Oct. 25, 1894. Appeal, No. 115, Oct. T., 1894, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1893, No. 136, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on bond. Before COLLIER, J.

This action was upon a bond given by defendant to " Mrs. Jane Young, for her own interest and as trustee of the heirs of William Young, deceased, according to their respective interests," conditioned for the payment " unto the said Mrs. Jane Young, her executors, administrators or assigns, the just sum of twenty-two hundred and twenty-three dollars in two years from the date hereof, with legal interest from the date hereof, payable semi-annually, and in case of default in payment as aforesaid, shall also pay all costs, fees and expenses of collecting the same, including an attorney's commission of five per centum, without any fraud or further delay, then this obligation is to be void, otherwise it is to remain in full force and virtue."

Plaintiff offered the bond in evidence. Objected to because the administrator, who is the legal plaintiff bringing this suit, has no interest in, nor any connection whatever with said bond. Objection overruled and bill sealed. [1]

Plaintiff, called on his own behalf, was asked : " Q. Who are

the heirs of William Young?" Objected to as incompetent and irrelevant, for the reason that the administrator of Jane Young, deceased, is an improper and illegal party to bring this suit. Objection overruled and bill sealed. [2]

Plaintiff was asked on cross-examination: " Q. What interest had Jane Young in this fund that this bond represents?" Objected to as not cross-examination. Objection sustained and bill sealed. " Q. Mr. Young, do you know how much money has been paid to these heirs?" Objected to as not cross-examination. Objection sustained and bill sealed. " Q. Mr. Young, did these heirs that you have named here all authorize you to bring this suit before you brought it?" Objected to as not cross-examination. Objection sustained and bill sealed. [" Q. Did you ever object to my paying this money to the heirs of William Young, deceased?" Objected to as not cross-examination. Objection sustained and bill sealed.] [3]

Plaintiff recalled on behalf of defence. Direct examination by Mr. Patterson: " Q. Mr. Young, you have stated the names in your affidavit of the ten heirs of William Young, deceased; do you allege that prior to your bringing this suit, all of these ten heirs authorized you individually to bring this suit for them?" Objected to. Objection sustained and bill sealed. [4]

Plaintiff proposed to prove that this fund was a fund arising from the estate of William Young, deceased, and that after the settlement of his estate this money belonged to these heirs in severalty, subject to an arrangement by which their mother was to receive the interest on it during her lifetime. Objected to, objection sustained and exception. [5]

Defendant's points were as follows:

" 1. That this suit is improperly brought by James Young, as administrator of Jane Young, deceased, for the reason that as such administrator he has no legal interest in or connection with the bond sued on, and has no legal claim against the defendant in this suit." Refused. [6]

" 2. That under the pleadings and evidence in this suit there is no such joint liability of defendant to all the heirs of William Young, deceased, jointly, as will sustain a joint recovery or a joint judgment against the defendant as claimed in this suit." Refused. [7]

3. Request for binding instructions. Refused. [9]

The court directed a verdict for plaintiff, for use of use plaintiffs, naming amounts. [8]

Verdict and judgment accordingly.   Defendant appealed.

*Errors assigned* were (1–5) rulings; (6–9) instructions; quoting bills of exceptions and instructions.

*T. H. Baird Patterson,* for the appellant, cited: Mentzer v. Menor, 8 Watts, 296; Hillbish's Ap., 89 Pa. 497; Gourley v. Kinley, 66 Pa. 273; Kurtz's Ap., 26 Pa. 465; Hise v. Geiger, 7 W. & S. 273; Brooks v. Smyser, 48 Pa. 86.

*James Bredin,* for appellee, filed no paper-book.

OPINION BY MR. JUSTICE DEAN, Jan. 7, 1895:

There is no history of the case in appellant's paper-book. What purports to be one, is an averment of facts, with no proof to sustain them, and an earnest argument to convict the court below of error at the trial.   It gives us no aid in a proper understanding of the case, and if a motion to quash for this cause had been made by opposing counsel before argument, the motion, probably, would have prevailed.

As we gather from the fragments of evidence in the paper-book, on the 17th of August, 1883, there was due and owing from T. H. Baird Patterson, defendant, to Mrs. Jane Young, widow of William Young, deceased, partly in her own right, and as trustee for her nine children, the sum of $2,223.   For this, Patterson delivered to her his bond duly sealed in the penal sum of $4,446, to be paid to her certain attorney, executors and administrators.   The conditions of the bond were, that the obligor was to pay to Jane Young, her executors, administrators or assigns, in two years from the date thereof, the sum of $2,223, with legal interest from date, payable semi-annually, and, in case of default, pay all costs, fees and expenses of collecting the same, including an attorney's commission of five per cent.

In 1891, Jane Young, the obligee in the bond, died.   Her interest in the money was the right to the interest due semi-annually.   This had been paid her.   The principal belonged in equal shares to her nine children.   At her death, this plain-

tiff took out letters of administration on her estate, and the bond passed into his possession. He brought suit upon it, as legal plaintiff, for the use of the children, the equitable owners, to enforce payment of a balance alleged to be unpaid. The obligor, this defendant, denied the right of plaintiff to bring suit, because he had no interest in the obligation ; further, offered to prove that the money unpaid on the bond belonged to the children, and that the giving of the bond was in pursuance of an agreement with the children, that by this means the payment of the interest should be made to the mother during life, and at her death, the principal to them.

The court ruled, plaintiff could bring the suit, overruled defendant's offer of proof, and directed a verdict for plaintiff for the penalty of the bond, to stand for the use of the equitable plaintiffs, setting out their names, and the amounts respectively due them, as part of the verdict. Some of them had been paid in part, and the aggregate claimed to be unpaid of the real debt, $2,223, was, with attorney's commissions, only $686.62. Judgment having been entered on the verdict, defendant brings this appeal, assigning nine errors, which involve but two questions : 1. Had the legal plaintiff a right of action on the bond ? 2. If so, had the defendant the right, in answer to the claim on the bond, to offer proof that some of the heirs had arranged with him to settle concerning their respective shares severally ?

Clearly the legal title to the bond was in the administrator, without regard to the beneficiaries under it. The defendant, in the penal clause of it, says, I " am held and firmly bound unto Mrs. Jane Young, for her own interest and as trustee of the heirs of William Young, deceased, according to their respective interests." He is not bound to the heirs but to her for them. Then, the condition of the bond is to " well and truly pay or cause to be paid to said Mrs. Jane Young, her executors, administrators or assigns, the just sum of $2,223 in two years from the date hereof, with legal interest payable semi-annually." Jane Young lived eight years after she received the bond, and six years after it became due and payable. Can her right to sue in her lifetime upon it, after maturity, be doubted ? Or can her answerability, or that of her representative be doubted, to the beneficiaries, for the money due them? As this defendant made the obligation expressly payable to her

or her administrators, he has no standing to object to the suit by plaintiff, merely because her estate is not entitled to the principal.

Then as to appellant's offers to prove that the principal sum in the bond was part of the estate of William Young deceased, and, by an arrangement between the mother and children, at her death, they were to receive their respective shares, and that he had made part payment to several of the children, they were properly overruled; it was immaterial to defendant what arrangement had been made between the children and their mother. His contract was not to pay to the children but to her or her administrator, as evidenced by his bond. As between them and their mother, or her personal representatives, the trust confided to her would be settled by the terms of it. With this, defendant had nothing to do. It is probable, as would have been entirely proper, if defendant had offered to prove that, before suit brought, he had settled with and paid all the children in full their respective shares, and all interest on the debt, and of this the administrator had notice, the court below would have permitted him to establish that fact, and, if established, would have directed a verdict in his favor. This, not because there was a legal right in the children to demand, or in him to pay to those not the legal obligees in the bond, but because such payment would have been in equity a discharge of the legal obligation, and the estate of the mother could thereafter have been in no peril, which it would have been the duty of the administrator to guard against. But no such offer was made, nor the semblance of it. The character of defendant's evidence, which was objected to and ruled out by the court, is indicated by the interrogatories to the witnesses, thus : " What interest had Jane Young in this fund? Do you know how much money has been paid these heirs? Did these heirs all authorize you to bring this suit?" Then the offer was : "I propose to prove this was a fund arising from the estate of William Young, deceased, and that after the settlement of his estate, this money belongs to these heirs in severalty, subject to an arrangement by which their mother was to receive the interest on it during her lifetime." Admit this, what had that to do with the obligation in the bond? It might be important, if the mother had sought to appropriate

the principal of the bond in her lifetime, or if her administrator denied the right of the children to it after her death, but appellant has no concern in such a controversy; his duty is to pay what he owes, and not withhold payment because those to whom it belongs might wrong each other when they get it.

Not a single one of the cases cited by appellant, has any bearing on the question before us. Mentzer v. Meanor, 8 Watts, 296 ; Heis v. Geiger, 7 W. & S. 273 ; Hillbish's Appeal, 89 Pa. 497 ; Kurtz's Appeal, 26 Pa. 465 ; Gourley v. Kinley, 66 Pa. 273, are all cases of recognizances in the orphans' court, on the lands of decedents. By statute and order of the court, these obligations are a lien upon the land, the interest to be paid to the widow during life, and at her death the principal sum to the heirs. But this bond is in no respect a recognizance in the orphans' court ; it is a personal obligation taken by agreement of the parties without intervention of the court.

No injustice can be done this appellant. The court below has full control of the judgment, and will not permit the collection from him of any greater sum than he owes. If he have made any payments to any of the children not already credited, the court, on proper proof, can order such payment to be credited against the shares of the ones who have received the money.

The judgment is affirmed.