# Birmingham Fire Insurance Co. *versus* Kroegher.

1. A condition of a policy of insurance upon the merchandise of a store stipulated that no petroleum should be kept or had on the premises. The insured kept a barrel of petroleum at a time for sale, and the company claimed this avoided the policy. The court below instructed the jury that "merchandise" included whatever it was customary to keep in such a store, and if a supply of petroleum such as was kept on the premises was a part of the usual stock of the store the plaintiff could recover. *Held* to be error.

2. *Held further*, that the effect of the condition of the policy was not changed by the fact that the agent of the company knew that petroleum was kept on the premises at the time the insurance was effected.

November 9th 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

[Birmingham Fire Ins. Co. v. Kroegher.]

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1876, No. 108.

Case by William Kroegher against the Birmingham Fire Insurance Company to recover the amount of a policy of insurance on a stock of merchandise contained in a store at the Enon Coal Company's works.

The store was an ordinary country store kept for the purpose of supplying the miners at the coal works.

The first condition of the policy contained this provision :—

"If the assured shall keep or have in any place or premises where this policy may apply, petroleum, naphtha, benzine, benzole, gasoline, benzine-varnish or any product, in whole or in part, of either; or gunpowder, fireworks, nitro-glycerine, phosphorus, saltpetre, nitrate of soda; or keep, have or use camphene, spirit gas, or any burning fluid or chemical oils, without written permission in this policy, then, and in every such case, this policy shall be void."

At the trial it was shown that plaintiff had kept a barrel of petroleum at a time for sale, as well as for lighting purposes and the defendant claimed that the policy was thereby avoided.

The plaintiff contended :—

1. That by the stipulation in this policy on "stock of merchandise contained in store," it must be intended that there was included whatever it was usual and customary to have in a stock of merchandise in such a store, and if the jury believe from the evidence that it is usual and customary to have and keep as part of the stock of merchandise in such stores as the plaintiff's a supply of carbon oil such as the plaintiff had in his stock, then the plaintiff can recover, notwithstanding the terms of the first condition.

2. That it having been shown that the insurance was effected with full knowledge by the agent of the company that carbon oil was kept and had by the plaintiff on the premises insured, as a part of his ordinary stock of goods, the plaintiff can recover, notwithstanding said condition, notice to the agent being notice to the company.

The court, Ewing, P. J., sustained both of these positions of the plaintiff in their instruction to the jury.

The verdict was for the plaintiff and the company took this writ, *inter alia*, assigning this action of the court for error.

*Robb & Snively* and *Thomas M. Marshall*, for plaintiff in error.

*Hampton & Dalzell* and *Bayne & Magee*, for defendant in error.— It was proper to submit to the jury to find whether petroleum constituted a part of the assured's "stock of merchandise," and whether it was included in the policy, and to hold, if so included, that no avoidance of the policy resulted by reason of the condition in question : Harper *et al. v.* The City Insurance Co., 1 Bosworth

520; Citizens' Insurance Co. v. McLaughlin, 3 P. F. Smith 485; Girard Fire Insurance Co. v. Stephenson, 1 Wright 298; Franklin Fire Insurance Co. v. Updegraff *et al.*, 7 Wright 350.

Mr. Justice GORDON delivered the opinion of the court, January 2d 1877.

We cannot approve of the answers of the court to the plaintiff's (defendant in error) 1st and 2d points. Kroegher accepted the policy with the express stipulation therein contained, that the use of petroleum, or any product thereof upon the premises insured, without written permission, would avoid it. Granted that carbon oil is usually kept for sale as part of the stock of a country store; the same may be said of gunpowder, and, perhaps, the reason for the prohibition may be discovered in the fact that such a custom does exist, for if these articles were never found among such stocks this provision would be useless. It is probable that this provision would not apply to the oil used in lighting the premises, for such a use has, in these days, become a necessity for all buildings in the country in which light is required during the night. But it is not to such use that the points refer, but to the use of this product as an article of merchandise, and there can be no doubt but that, as such, it is in terms prohibited by the policy. The cases cited by the defendant in error are not in point. The policy in suit in the Citizens' Insurance Co. v. McLaughlin, 3 P. F. Smith 485, admitted of the storage of benzole on the premises, and the fact of its being used in the manufacture of patent leather made the inference irresistible, that its use for that purpose was contemplated in the permission to keep it in a shed adjacent to the factory. The question in the case of the Franklin Ins. Co. v. Updegraff, 7 Wright 350, was whether the policy included hardware, china and glassware, under the general designation of "merchandise such as is usually kept in country stores," by the rules of the company these articles being scheduled as hazardous and subject to special rates. So in the Girard Fire & Marine Ins. Co. v. Stephenson, the question was, on the increase of the risk, by the putting of a stove in a carpenter shop. In the case in hand, had the policy permitted carbon oil to be kept upon the insured premises, a presumption would necessarily arise that it was to be kept there for some use, and it might be left to the jury to say for what use. If the question were whether this kind of oil was an article of merchandise ordinarily included in the stock of a country store, or if it were only an inquiry as to the increase of risk, it might well be referred to the jury. But it is nothing of the kind; it is an express stipulation that petroleum or its products shall not be kept upon the premises, and if it be so kept the policy is void. It matters not that it was part of a customary stock of goods, for by express contract it was excluded. The same reasoning applies to the fact of the knowledge of the company's agent that carbon oil was kept on the pro-

[Birminghem Fire Ins. Co. v. Kroegher.]

perty at the time of the insurance, for his knowledge could not change the contract of the parties. As sustaining this second point our attention has been directed to the case of Peoples' Ins. Co. v. Spencer, 3 P. F. Smith 353, but it does not meet the point; for the policy in that case did not stipulate against that which was said to have increased the risk, hence, the knowledge of the agent at the time of taking the risk became material. But in the case before us, the company has taken care to leave nothing open for inference, or by which it might be compromised by the knowledge or representations of its agent, and if the insured was misled by the interpretation put upon this policy by the agent, he was misled by his own counsellor and he has no one to blame but himself. We see nothing in the remaining exceptions which requires much comment. Certainly where a company permits one to act for it, and adopts the contracts which he has made in its name, it cannot be permitted to deny his agency or to escape the results flowing from such agency.

That preliminary proof of loss may be waived under circumstances similar to those in this case, we have but recently decided in the case of the Humboldt Fire Ins. Co. v. Kroegher (argued at Pittsburgh October 13th). And see, also, the case of the Franklin Fire Ins. Co. v. Updegraff, 7 Wright 350.

The judgment is reversed, and a *venire facias de novo* is awarded.