# Lancaster Fire Insurance Co. *versus* George L. Lenheim & Co.

1. A policy of fire insurance was upon a stock of "general merchandise of all kinds usually kept in a country retail store." The policy provided against loss by fire to the property specified, "except as hereinafter provided." Immediately following this clause was a condition that the company should not be liable unless by special consent in writing endorsed on the policy for any loss where "turpentine or benzine" were deposited, stored, kept or used, on the premises. Turpentine and benzine were both kept for sale, but no consent had been given therefor. *Held*, that this was a violation of the condition and avoided the policy.

2. The insurance clause on the general stock of merchandise was in the written portion of the policy. The prohibitory clause was in the printed portion. The court below instructed the jury that the latter was repugnant to the former and could not be interpreted so as to prevent a recovery if they found that "turpentine and benzine" were part of all kinds of merchandise usually kept in a country store. *Held*, to be error.

3. Birmingham Insurance Co. v. Kroeger, 2 Norris 64, followed.

March 21st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Susquehanna county*: Of July Term 1878, No. 53.

8 NORRIS—32

Assumpsit by George L. and Lewis S. Lenheim, trading as George L. Lenheim & Co., against the Lancaster Fire Insurance Company, upon a policy of insurance for $1000, issued on 24th September 1874, for one year, to Lewis S. Lenheim, " on his stock of merchandise of all kinds usually kept in a country retail store." The store was in Great Bend borough, Susquehanna county.

On January 1st 1875, Lewis S. Lenheim sold half his store to his son George L., and the business was afterwards conducted in the name of the plaintiffs. The policy was assigned to George L. Lenheim & Co., with the knowledge and assent of the company.

On 29th May 1875, the insured building and contents were destroyed by fire.

One of the conditions of the policy was : " The company is not to be liable, unless by special consent, in writing, on the policy, where gunpowder, phosphorous, saltpetre, naphtha, benzine, camphene, turpentine, burning-fluid, spirit gas, crude coal or earth oils or petroleum, or any other articles subject to legal restriction, are deposited, stored, kept or used." The inventory taken January 1st 1875, when L. S. Lenheim sold out to his son, showed there were thirty-five gallons of turpentine on hand and ten bottles of benzine, and it appeared by plaintiffs' own evidence that these articles were kept in the store and for sale up to the time of the fire. The court permitted the plaintiffs to give evidence that " benzine and turpentine" were usually kept in country stores.

The defendant submitted the following points, to which are appended the answers of the court :

1. If the jury believe that benzine, gunpowder, saltpetre or turpentine, or either of these said articles, were deposited, kept or used in the store of the plaintiffs at the time of the fire, or at any time during the life of the policy, to wit, from September 24th 1874 to the time of the fire, unless by special consent, in writing on the policy, then the policy is void and the plaintiffs cannot recover.

Ans. " This point is denied, for the reason that the question is submitted to you to find whether the articles were such as are usually kept in a country store, as we stated in the general charge. By the written portion of the policy, the insurance was on the general stock of merchandise of all kinds usually kept in a country store. The prohibitory clause in the policy is repugnant to this, and cannot be interpreted so as to prevent a recovery, if you find these articles were a part of all kinds of merchandise usually kept in a country store."

3. It being the undisputed testimony that benzine and thirty-five gallons of turpentine were deposited, stored, kept or used upon the premises of the plaintiffs, covered by the policy, on January 1st 1875, without special consent in writing on the policy, therefore plaintiffs cannot recover.

Ans. " This point is denied. We refuse to say, as a matter of

[Lancaster Fire Ins. Co. *v.* Lenheim.]

law, that if the facts assumed in this point were true the plaintiffs cannot recover."

In the general charge, the court, Morrow, P. J., inter alia, said :

"Under this condition of the policy, the defendant claims there is a perfect defence to this action, provided the jury find that either of these articles were kept, stored or used in the store at any time after the policy was issued to the time of the fire, that is, during the life of the policy, and in support of this defence the case of the Birmingham Fire Insurance Co. *v.* Kroegher, 2 Norris 64, is relied on.     The policy issued by the Birmingham Ins. Co. contains substantially the same provisions as to benzine, gunpowder, &c., as contained in the policy of the defendant in this case, and the policy was held to be void, it having been shown that Kroegher kept a barrel of petroleum at a time for sale.     But the reasoning in that case will not apply to this, for in this case the insurance is expressly, in the written part of the policy, on the stock of general merchandise of all kinds usually kept in a country store, and hence we refuse to charge, as a matter of law, that the defendant is not liable if you find the plaintiffs, or either of them, kept or used these prohibited articles in the store, but submit to you to find whether they were such kinds of merchandise as are usually kept in a country store.     If they were, the defendant is liable ; at least the fact they or either of them were deposited, stored, kept or used in the store, would not avoid the policy."      *     *     *

"This construction of the policy does not militate against the doctrine of Birmingham Fire Insurance Co. *v.* Kroegher, *supra*, but seems to us to be reasonable and just.     It is also in accordance with the case of the Franklin Ins. Co. *v.* Updegraff, 7 Wright 350. In the last case the insurance was 'on merchandise such as is usually kept in country stores,' and the question was submitted to the jury to find whether china, hardware, glassware, &c., were such merchandise as are usually kept in country stores, although it was provided in the policy that it would be void if the assured kept such articles, because they were more hazardous and subjected the insured to higher rates of premium.     This principle, it seems to us, decides this case so far as relates to this clause in the policy.     It gives to it full force and effect, and also to the provision that the assured had the right to keep such merchandise as is usually kept in country stores."     *     *     *

"The prohibitory clause is repugnant to the written clause, and the contract must be so construed as to give, if possible, to both their proper force and effect.     The written clause, according to the interpretation we adopt, is to have effect in preference to the repugnant printed clause : Flanders on Fire Ins. 93 ; and is effectual if the jury find from the evidence that the prohibited articles are such as are usually kept in country stores.     If you so find, we think the plaintiffs are entitled to recover in spite of the prohibition.'

[Lancaster Fire Ins. Co. *v.* Lenheim.]

Verdict for plaintiffs for $1163, and after judgment thereon, defendant took this writ, and assigned as error the above answers to points and the foregoing portions of the charge.

*W. H. & H. C. Jessup*, for plaintiff in error.—This was not a stock of dry goods, groceries, hardware or drugs; these have their particular rates; but a stock containing a little of many branches, denominated "a country store." This was the general designation of the class of insurance requested. And yet some of the articles known to belong to this classification are unusually hazardous and generally prohibited, and are insured only at special rates. It is a necessity for the protection of insurance companies that they should except out of this general classification inflammable oils and their products. By the exception in this policy, it should read, "We will insure all such merchandise as is usually kept in country retail stores, except benzine, turpentine, &c." We admit that if the written part could not take effect at all without nullifying the printed clause, the latter must yield, as if the insurance had been upon "his stock of benzine and turpentine," then the printed clause prohibiting the use or storage of those articles must yield, otherwise the contract is of no effect. But here is an insurance upon merchandise, under a general classification; no particulars mentioned; and the condition is only an exception of certain particularly specified articles coming under that classification, which are prohibited, unless special consent in writing is given. There is no repugnancy, and the whole contract is intelligible. The case is "on all fours" with Birmingham Ins. Co. *v.* Kroegher, 2 Norris 64, and is sustained by Steinbach *v.* The Relief Fire Ins. Co., 13 Wall. 183. The cases relied upon by the court below, and cited here by the defendant in error, are distinguishable in this, that the articles there prohibited were necessary to the business insured, and not exceptions out of a general classification of a few prohibited articles, which might or might not be carried as stock without detriment to the trade.

*Little & Blakeslee*, for defendants in error.—Where the policy describes the insured as engaged in a certain trade or business, it has been held that he is permitted, by implication of law, to keep and use all articles necessary for the customary carrying on of such trade, although such goods are classed as extra-hazardous: 2 Pars. on Cont. 424. The plaintiff in error concedes this well-settled principle as to trade descriptions, but justifies it on the ground of the necessity to support the trade. The same principle rules our case. If the writing insures by describing a trade, the general words in writing include all articles used in that trade, and no exceptions in print will prevail, because repugnant. But we need not depend on reasoning; we have well-established

[Lancaster Fire Ins. Co. v. Lenheim.]

precedents for our guide: Franklin Fire Ins. Co. v. Updegraff et al., 7 Wright 352; Pindar v. King's County Ins. Co., 36 N. Y. 648; Whitmarsh et al. v. Conway Fire Ins. Co., 16 Gray 359; Flanders on Fire Ins. 81; Niagara Fire Ins. Co. v. De Graff, 12 Mich. 124. Birmingham Ins. Co. v. Kroegher, *supra*, is distinguishable from this case. In that case the written stipulation was for an insurance on "stock of merchandise contained in store." The printed terms prohibited the keeping of carbon oils, &c. It being shown such oil was stored and kept, of course it was held fatal. " Stock of merchandise contained in store," are not words descriptive of a class of goods. It was argued that the word *merchandise* meant such as are usually kept in a country store, and here is where the case failed. They asked to have implied what we have expressed.

Mr. Justice GORDON delivered the opinion of the court, May 7th 1879.

The policy, which forms the foundation of this suit, covers a stock of " general merchandise of all kinds usually kept in a country retail store." The insurance is " against all immediate loss or damage as may occur by fire to the property specified, not exceeding the sum insured nor the interest of the assured in the property, EXCEPT as hereinafter provided." Then, in immediate connection with the clause containing the above, comes the condition that the company shall not be held liable, unless by special consent in writing endorsed thereon, for any loss " where gunpowder, phosphorous, saltpetre, naphtha, BENZINE, camphene, TURPENTINE, burning-fluid, spirit-gas, crude, coal or earth oils, or petroleum, or any other articles subject to legal restriction, are deposited, stored, kept or used." It will thus be seen, that this stock of general merchandise was insured, subject to certain exceptions and conditions in said policy specified, neither can it be justly said that care was not taken to call attention to these exceptions and conditions, for the word " except" is printed in large, and the words " benzine" and " turpentine," in small capitals. Besides this, the policy was originally taken in the name of Lewis S. Lenheim, and was transferred to the plaintiffs, subject to the conditions therein contained; the usual complaint, therefore, of small print and want of notice does not apply in this case. The contract of the parties, then, is very easy of comprehension. The company agreed to insure for Lenheim & Co., this stock of general merchandise of all kinds usually kept in a country store, excepting certain articles therein specified, among others turpentine and benzine, of which it is said, if these are kept the policy shall be void. The policy was accepted under and subject to these conditions, and it is now produced in order to charge the company. May the defendant plead these conditions or may it not? There is no proof of fraud, by it

[Lancaster Fire Ins. Co. v. Lenheim.]

or its agents, whereby it might be estopped, and the conditions are part and parcel of the consideration of the policy. In consequence of them the plaintiffs obtained their insurance at rates less than they otherwise could have done. The excepted articles are extremely dangerous; there is good reason why they should be so ·excepted, and there is, therefore, nothing unreasonable in the condition that the policy should be forfeited upon the wilful violation of that condition.

But the court below says, "By the written portion of the policy, the insurance was on the general stock of merchandise of all kinds usually kept in a country store. The prohibitory clause in the policy is repugnant to this and cannot be interpreted so as to prevent a recovery, if you find these articles were part of all kinds of merchandise usually kept in a country store."

Herein, however, is the error in supposing there is any repugnancy between the written and printed parts of the policy. There is certainly no repugnancy in agreeing to insure a general stock of merchandise subject to the condition that gunpowder, petroleum, turpentine and benzine shall not form part of such stock. Surely there is nothing so unusual in reservations and conditions in contracts as to make them the subjects of unusual construction or of extraordinary consideration. Surely, without repugnancy, one may contract for the sale of a plantation of one hundred acres of land reserving thereout ten acres. Or suppose the contract in controversy to be for the sale of this general stock of merchandise, excepting the articles above mentioned, could any one doubt but that the exception was good?

This case is as nearly like that of the Insurance Co. v. Kroegher, 2 Norris 64, as two cases can be. There, as here, the insurance was upon a general stock of merchandise, but we held that the violation of a condition, which provided that petroleum should not be kept, avoided the policy. In that case all the authorities, now cited by the plaintiffs below, were adduced, and there is nothing now proposed of such a character as to require us to go over the ground anew. We have only to add, that if the plaintiffs' own evidence was true, they had on hand, at the time of the fire, turpentine enough to avoid the policy. The benzine might, on the principle *de minimis*, be disregarded, since eight or ten small vials of it was a quantity so trifling as not to be worth attention.

As what we have said, in effect sustains all the assignments of error, we need not speak of them *seriatim*.

Judgment reversed, and a *venire facias de novo* ordered.