## Smith, Trustee, v. City Insurance Co. of Pennsylvania.

*Practice, C. P.—Trial—Cross-examination — Motion to strike out — Contracts—Subsequent condition—Insurance—Fire insurance—Practice Act of May 14, 1915.*

1. When irrelevant or incompetent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, a refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed; in such case the only course is to ask that the jury be instructed to disregard the testimony.

2. Under the Practice Act of May 14, 1915, P. L. 483, defences intended to be relied upon at the trial must be set forth in the original or amended pleadings.

3. The breach of a condition subsequent in a contract is the subject of an affirmative defence.

4. In an action on a policy of fire insurance, the burden is not on the plaintiff to show that he had complied with all the provisions of the policy relating to his conduct subsequent to its issuance.

5. If the defendant in such case desires to defend for a breach of a condition subsequent, that defence must bet set up in the affidavit of defence; otherwise, testimony of the plaintiff, on cross-examination at the trial, showing the violation of the condition, will be unavailable as a ground for non-suit or binding instructions.

Motion for judgment *n. o. v.* C. P. Blair Co., Oct. T., 1922, No. 25.

*R. A. Henderson, Robert W. Smith* and *John F. Sullivan,* for plaintiff.

*Percy Allan Rose* and *M. D. Patterson,* for defendants.

BALDRIGE, P. J., April 12, 1923.—Morris Freedman was, on Oct. 13, 1921, the owner of a building used and occupied as a store and lodging-house and located in East Altoona. On the date aforesaid, the building and practically all its contents were destroyed by fire. Subsequent thereto, Morris Freedman was adjudged a bankrupt and E. W. Smith appointed his trustee. Prior to the date of the fire, Freedman had taken out eleven policies of insurance covering the building and its contents, which he alleges were in force on the day of the fire, and made demand upon the insurance companies for the pay-

3 D. & C.

ment of his losses. The insurance companies refused to comply with this demand, and thereupon this and ten other actions were brought against the insurance companies.

Affidavits of defence were filed by the respective insurance companies raising the following defences: First, that the fire was the result of incendiarism at the instance of Freedman; and, second, that there was an excessive appraisement of the property destroyed.

By agreement of the counsel, the eleven cases were tried together. It developed at the trial, on cross-examination of Freedman, that, prior to the date of the fire, he had installed a sixty-gallon gasoline tank, which was in a small building outside of, but attached to, the insured premises, and conducted the gasoline by means of a pipe from the tank through the wall of the insured building, where it was pumped into open vessels and sold and served to customers. At the time of the fire, he had stored a greater quantity of gasoline therein than was permitted by the insurance policies.

At the close of the plaintiff's case, the defendants moved for a compulsory non-suit, on the theory that, under Freedman's testimony, the insurance companies were relieved from liability under the policies, as Freedman's conduct in violating the provisions had invalidated the contracts. This motion was overruled and the jury found for the plaintiff the amount claimed under all the policies in the suit. Thereupon the defendants moved for judgment *non obstante veredicto*, which is now for our consideration.

There was no objection made at the time Freedman was cross-examined as to the quantity of gasoline, the means of storing it, or the method of its disposal. After the plaintiff's testimony had closed and the witness had left the stand, the plaintiff's counsel moved that the testimony be stricken out. This was not in accordance with the requirements of the law where the purpose is to strike from the records testimony already admitted.

In the case of Forster *v.* Rogers Brothers, 247 Pa. 54 (63), the Chief Justice, delivering the opinion of the court, holds that the following is the true rule: "When irrelevant or incompetent testimony is elicited by questions which are not objected to at the time they are put, and the trial is permitted to proceed with this testimony upon the record, a refusal of a request to strike it out, made after the witness has left the stand, will not be reviewed; in such a case, the only course is to ask that the jury be instructed to disregard the testimony, and a refusal of this request can be assigned for error."

Freedman was examined in detail by his counsel as to the size, character, sub-division and uses of his building, the quantity and nature of his merchandise, his methods and customs in the transaction of his business. In view of the examination-in-chief, the cross-examination was proper for the purpose of ascertaining the extent of his merchandise, the volume and the nature of his business. But the defendant was not entitled to derive an advantage from this cross-examination which was not justified by his pleadings. If he had desired to profit by the evidence thus adduced on cross-examination by making the breach an affirmative defence, he could have amended his affidavit of defence as the court suggested at the trial, but this he failed to do: 26 Cyc., 510.

The Practice Act, approved May 14, 1915, section 16, provides: "Neither party shall be permitted at the trial to make any defence which is not set forth in the affidavit of defence, or plaintiff's reply, as the case may be, except as provided in sections 7 and 13."

Defences intended to be relied upon must be set forth in the original or amended pleadings: Ruth-Hastings S. T. Co. *v.* Slattery, 266 Pa. 88, 291;

Zoller v. Hartford Ins. Co., 272 Pa. 386, 392; Deitrich v. Davies, 274 Pa. 213; Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156; Meyers v. Somerset Tr. Co., 75 Pa. Superior Ct. 40.

If there had been a condition which was to be performed prior to entering into the contracts, the burden would have been on the plaintiff to show a performance. There was no contention in these cases of any breach of a precedent condition or of any fraudulent misrepresentation. These policies were valid subsisting contracts, which the defendants claim subesquently became invalid by failure to abide by the terms of the policies. In other words, there was a breach of a subsequent condition, and, that being the case, it was the subject of an affirmative defence.

It was only incumbent upon the plaintiff to prove every material allegation put in issue by the pleadings of the adverse party. The burden was not on him to show that he had complied with all the provisions of the policies relating to his conduct subsequent to their issuance: 26 Corpus Juris, 308.

"Plaintiff is required to allege performance of conditions precedent to a right of recovery, and, therefore, logically has the burden of proving performance, or a legal excuse for non-performance, or a waiver thereof by insurer. However, under the rule now generally recognized that the defendant, to raise an issue on a general allegation of performance, must particularly allege the breach relied on to defeat a recovery, it is generally held, without regard to whether the breach complained of is that of a condition precedent or a promissory warranty or condition subsequent, that defendant has the burden of proving the facts alleged by it as constituting such a breach. It is especially true that the burden is on the defendant to prove a breach of condition subsequent:" 26 Corpus Juris, 516.

If the defendant had set up a defence that the policies were invalid for the reason of increase of risk, the plaintiff might have been able to show that there was a waiver of the provisions alleged to have been broken, or have invoked the doctrine of estoppel: 26 Corpus Juris, 278; or, under proper pleadings, the inquiry might have resolved itself into one for the jury's consideration rather than the determination of the court: Queen Insur. Co. v. Harris, 2 W. N. C. 220; Birmingham Fire Insur. Co. v. Kroegher, 83 Pa. 64.

The cases relied upon by the defendant, such as Lancaster Fire Ins. Co. v. Lenheim & Co., 89 Pa. 497; Johnson v. Hulings, 103 Pa. 498; Sloan v. Miller, 275 Pa. 452, were decided prior to the Practice Act of 1915, or are where the facts disclose that there was never a valid contract existing; that the fraud was perpetrated preliminarily to the entering into the contract, and, therefore, the alleged agreement of the parties was never in full life, which distinguishes them from the case at bar.

Summarizing our views, we hold, first, that the cross-examination of Freedman was proper for the purpose of showing the nature and extent of his merchandise and the manner of its disposal, but that the defendant could not derive the advantage of supporting an affirmative defence thereon which was not set up in the pleadings; second, that the condition alleged to have been breached was a condition subsequent, and that, under the pleadings in the case, it was not incumbent upon the plaintiff to show that there was a compliance with a condition subsequent; third, that if the defendant desired to defend for a breach of condition subsequent, it was necessary to set it out in the affidavit of defence, notwithstanding the testimony that was brought out in the cross-examination of the plaintiff.

The motion for judgment n. o. v. is refused.