## Dale *v.* Mutual Fire Insurance Company of Hummelstown, Appellant.

Argued January 4, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*John G. Love,* with him *Roy Wilkinson, Jr.,* and *Love & Wilkinson,* for appellant.

*Edward L. Willard,* with him *Willard & Dunaway,* for appellees.

OPINION BY MR. JUSTICE JONES, March 22, 1954:

The question in this case is whether the insured plaintiff's admitted breach of his promissory warranty contained in a policy of fire insurance barred a recovery on the policy when the breach was not subsist-

ing at the time a fire occurred and was not the proximate cause of the loss.

The defendant company issued its policy of insurance to the plaintiff, Dale, for a term of one year from date of issue. By the terms of the contract, the company agreed to indemnify the insured for damage by fire to his barn and various other farm buildings. During the term of the insurance, fire destroyed the barn and certain of the other buildings covered by the policy. The insured filed proofs of loss as required by the policy, but the company denied liability. The insured thereupon sued on the policy to recover his loss. In its answer, the defendant denied that the fire was of "unknown origin", as alleged by the complaint, and averred that it was in fact caused by the insured's use of a gasoline engine in proximity to the barn in violation of his promissory warranty in the policy that "When a portable internal combustion engine is used as a motive power for threshing grain or other farm work it is warranted by the insured and made a part of this contract that when same is in use it shall not be located nearer than 25 feet from any building or stack of hay or straw, nor shall any litter or straw be allowed to collect or remain within 15 feet of said engine."

There was no direct evidence as to the cause of the fire. The testimony adduced at trial disclosed that, on the morning of the fire, Dale had operated inside the barn a portable grain-cleaning machine powered by a gasoline engine; that he had ceased his use of the machine some two to two and one-half hours before a fire broke out; that he had taken precautions against fire and had moved the machine and engine to another part of the barn when he had finished using it; that he had remained in the barn an hour or so after that, working there, and then had gone into the fields whence he later

returned to the barn and saw no indication of fire; and that a neighboring farmer, who was in the barn the same morning a couple of hours after the use of the gasoline engine had ceased, had seen neither fire nor smoke when he was there. While the fire, which caused the loss, originated at the place in the barn where the gasoline engine had been used, there was also evidence that the electrical wiring in that section of the barn was defective.

Termination of the use of the engine in the barn prior to the fire being undisputed, the trial judge instructed the jury that the burden was on the defendant insurer to establish that the prior use of the engine in the barn was the proximate cause of the fire and that if the insurer failed to supply such proof, the plaintiff could recover on the policy. The jury returned a verdict in favor of the plaintiff for the stipulated amount of the damage, thus establishing the fact that the fire was not caused by the use of the gasoline engine. The defendant moved for judgment n.o.v., reasserting its prior position that the insured, having concededly breached his promissory warranty, could not recover on the policy. The court overruled the motion and entered judgment on the verdict for the plaintiff from which the defendant has appealed. The only question raised on the appeal is as to the effect of the insured's violation of his promissory warranty.[1]

The appellant contends that the insured's admitted violation of his promissory warranty not to use an in-

---

[1] There were other facts and consequent contentions which are not material to the question involved on this appeal, e.g., the insured's transfer of the insured property to himself and wife by the entireties during the term of the policy and that the suit could not be maintained in the names of the husband and wife jointly since the policy ran to the husband alone. The latter discrepancy was cured by an amendment and is of no present significance.

ternal combustion engine within a certain distance of the insured buildings precludes any recovery by him on the contract of insurance; stated otherwise, the insured's operation of the inhibited type of engine in violation of the restriction of the policy worked a forfeiture of his rights under the policy even though the violative use had ceased prior to the happening of the fire and was not the proximate cause of the loss. In so contending, the appellant has either overlooked or ignored the decision of this court in *McClure v. Mutual Fire Ins. Co. of Chester Co.*, 242 Pa. 59, 88 A. 921, which is dispositive of the question here presented.

In the *McClure* case it was held that an insured's breach of his promissory warranty, which breach was discontinued prior to and did not cause the loss in issue, merely suspended the policy during the continuance of the violation and did not work a forfeiture of the insurance contract. In that case the insured kept on the premises, covered by a policy of fire insurance, quantities of gasoline, illuminating oil and gunpowder in violation of his warranty not to do so. The breach had terminated two years prior to the loss. Speaking for a unanimous court, Mr. Justice ELKIN said,—"On this branch of the case one very important question for decision is whether under the facts just stated the policy was rendered absolutely void or only suspended during the time the prohibited articles were kept on the premises. Upon this precise question there is great conflict of authority, but after an exhaustive examination of many cases in our own State, as well as in other jurisdictions, we have concluded that the sounder and more equitable rule is against absolute forfeiture and in favor of the doctrine that the policy although suspended during the time the prohibited articles are kept on the premises may be revived by a discontinuance of the keeping or use of such prohibited articles." The

court further said,—"When a prohibited article had been kept or used on the insured premises, but the insurer had not declared a cancellation or forfeiture of the policy on that account, and the keeping or use of the article had been discontinued prior to the happening of the fire, the following cases are authority for the doctrine that the keeping or use of the article did not absolutely avoid the policy, but merely suspended it during the continuance of the violation: [citing numerous cases]." The foregoing expressions in the *McClure* case are peculiarly significant inasmuch as there "A reargument was ordered . . . for the purpose of giving a hearing before the full bench in order that the proper rule in this class of cases should be finally settled . . . ." The principle was also applied in *Furdock v. Washington Mutual F. & S. Ins. Co.,* 111 Pa. Superior Ct. 61, 169 A. 385, where the insured, in violation of a warranty in his policy, kept kerosene on the insured premises but the prohibited article had been removed therefrom prior to the loss.

The doctrine of the *McClure* case is presently applicable. Dale's violation of the warranty had ceased prior to the loss and the violation did not cause the fire. True enough, the violation in the *McClure* case ended two years prior to the loss whereas in the instant case the violation ended approximately two and one-half hours before the fire. But, the interval between the cessation of the violation and the happening of the loss cannot be material where, as here, the violation has been terminated and did not actually cause or contribute to the loss. In other words, if the violation does not in fact cause the loss and is not existing at the time thereof, it is of no legal moment at what point in time the violation ceased. In either event, the insured would not be in breach of his insurance contract when the loss occurred.

The cases cited by the appellant are not in point. In each of them the insured's breach of warranty appears to have existed when the loss occurred. Thus, in *Birmingham Fire Insurance Co. v. Kroegher*, 83 Pa. 64, and in *Lancaster Fire Insurance Co. v. Lenheim & Co.*, 89 Pa. 497, inflammable fluids were kept on the insured premises in violation of the policy and the violation was enduring at the time of the loss. Both of those cases were rejected in *McClure v. Mutual Fire Ins. Co. of Chester Co.*, supra, as not germane, it there being noted that "It was held in those cases that the policies were forfeited because their terms had been violated, but nothing was said about a revival of the policies by a discontinuance of the prohibited uses and the payment of annual premiums thereafter." *McClure v. Watertown Fire Insurance Co. of New York*, 90 Pa. 277, and *Price v. Century Indemnity Company*, 333 Pa. 337, 5 A. 2d 130, are equally distinguishable.

Since the insurer failed to meet its burden of establishing either that the insured's breach of warranty continued to exist at the time of the fire or, if such breach had terminated, that the prior use of the gasoline engine in the barn caused the fire, it follows that recovery for the loss may be had under the policy.

Judgment affirmed.