HARLOUS W. WETHERELL *vs.* CITY FIRE INSURANCE COMPANY.

A policy of insurance against fire, containing a provision that it shall cease and be of no force or effect if the premises insured shall be appropriated, applied or used for the purpose of carrying on or exercising any trade, or of keeping or storing any article, denominated hazardous or extra-hazardous in the terms and conditions annexed to the policy, in which, among other things, "sailmakers" are denominated hazardous, and "confectionery and confectionery manufacturers" extra-hazardous, is rendered void by a hiring of a portion of the building insured for a sail-loft, and carrying in a sailmaker's stock and tools, although without commencing work, and by the keeping of a small quantity of confectionery in glass jars on a counter or shelf in a room occupied as a barber's shop in the building insured.

A policy of insurance against fire, effected by a mortgagor out of possession, which by its terms is to cease and be of no effect if the premises insured shall be used for certain specified purposes, may be rendered void by the use of them for such purposes by a lessee of the mortgagee in possession.

ACTION OF CONTRACT on a policy of insurance upon the plaintiff's dwelling-house and store, in which "it is agreed

and declared to be the true intent and meaning of the parties hereto, that in case the above mentioned premises shall at any time after the making and during the continuance of this insurance be appropriated, applied or used to or for the purpose of carrying on or exercising therein any trade, business or vocation denominated hazardous or extra-hazardous, or specified in the memorandum of special rates, in the terms and conditions annexed to this policy, or for the purpose of keeping or storing therein any of the articles, goods or merchandise in the same terms and conditions denominated hazardous or extra-hazardous, or included in the memorandum of special rates, unless herein otherwise especially provided for, or hereafter agreed to by this company in writing and added to or indorsed upon this policy, then and from thenceforth, so long as the same shall be so appropriated, applied, used or occupied, these presents shall cease and be of no force or effect." Annexed to the policy were lists of trades and occupations, goods, wares and merchandise, denominated " hazardous," including " sailmakers ; " and " extra-hazardous," including " confectionery and confectionery manufacturers."

The case was submitted to the judgment of the superior court upon an agreed statement of facts, in substance as follows :

The property owned and insured by the plaintiffs was subject to a mortgage. The mortgagee had taken possession for the purpose of foreclosure, and had let the dwelling-house to various persons, one of whom occupied a portion of it as a barber's shop, but also kept confectionery for sale, in glass jars, on his counters and shelves, generally of an aggregate value of about fifteen dollars at a time. The mortgagee, after taking possession, also let the whole store by parol to one Mylod, who, about a fortnight before the fire, let the upper part thereof to Beard & Jordan for a sail-loft. Beard & Jordan carried in a sailmaker's stock and tools, of the value of about one hundred and fifty dollars, and expected to commence work the next day after the fire, but had not done any work there up to that time. The fire did not take in this part of the store, but in the part occupied

by Mylod; thence spread to the dwelling-house, which was about fifteen feet from the store; and injured both buildings more than the amount insured thereon.

Upon these facts, *Vose*, J. gave judgment for the plaintiff, and the defendants appealed.

*E. H. Bennett*, for the plaintiff, cited *Loud* v. *Citizens' Mutual Ins. Co.* 2 Gray, 221; *Sanford* v. *Mechanics' Mutual Fire Ins. Co.* 12 Cush. 541.

*C. I. Reed*, for the defendants.

CHAPMAN, J.   The occupation of the buildings insured, one for a sailmaker's shop and the other for selling confectionery, was directly contrary to the terms of the policy, and rendered it void.   *Lee* v. *Howard Fire Ins. Co.* 3 Gray, 583.   *Macomber* v. *Howard Fire Ins. Co.* 7 Gray, 257.

*Judgment for the defendants.*