## Krug *v.* German Fire Insurance Co., Appellant.

*Fire insurance—Breach of policy—Single violation.*

A single brief violation of the terms of a policy of fire insurance, for the necessary work incidental to the preservation of the property insured, will not be considered a breach of a condition which prescribes the use of the premises.

*Use of premises for storage purposes only.*

A policy of fire insurance on a canning house and on machinery and canned goods contained therein, provided that the premises should not be occupied for any purpose other than storage. Five days after the canning season had ended and the policy had been renewed, a fire was built in the furnace under the engine on the premises, to blow out the water from the boiler and pipes. On the same evening the premises were destroyed by fire: *Held,* that the policy was not rendered void by building the fire.

Argued Jan. 13, 1892. Appeal, No. 166, July T., 1891, by defendant, from judgment of C. P. No. 1 of Philadelphia Co., March T., 1890, No. 93, sustaining exceptions to report of referee. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit by Frank Krug to use of James M. Bowling & Co. against The German Fire Insurance Company of Philadelphia, on a policy of fire insurance. The case was referred by agreement to R. C. Dale, Esq., under the Act of May 15, 1874. The referee reported in favor of the defendant. Exceptions to the report were sustained and judgment entered in favor of the plaintiff. Defendant appealed. The facts appear in the opinion of the Supreme Court.

*Errors assigned* were (1, 2) the sustaining and not overruling the exceptions ; (3, 4) the entry of judgment for plaintiff and not for defendant.

*Henry N. Paul,* for appellant, cited Lebanon Mut. Fire Ins. Co. v. Erb, 112 Pa. 149 ; Houghton v. Ins. Co., 8 Met. (Mass.)

114; Doud v. Ins. Co., 141 Pa. 47; Titus v. Glens Falls Ins. Co., 81 N. Y. 410.

*Chas. A. Lagen* of *Lagen & M' Geoghegan* and *William Pinkney Whyte*, of Baltimore, who was permitted to speak, pro hac vice, for appellees.

PER CURIAM, January 25, 1892.

The plaintiff brought this suit in the court below upon a policy of insurance issued by the defendant company, whereby he was insured by loss against fire, for six months, from twelve o'clock noon, April 10, 1889, to twelve o'clock noon, Oct. 10, 1889, upon "frame building and shedding attached thereto, known as canning house," and on machinery, canned goods, etc., contained therein. On the face of said policy was indorsed the following : "It is understood and agreed that this policy shall be void and of no effect in case the premises, herein described, shall be occupied for any purpose other than storage." This policy was renewed by indorsement, dated Oct. 10, 1889, for six months from the date of said indorsement.

The factory was operated as a canning factory during the entire canning season of 1889, work having commenced in July of that year, and not having ceased until Oct. 10. On that day all the hands employed were discharged except two or three. On Tuesday, Oct. 15, a fire was built in the furnace under the engine, which was upon the premises, for the purpose of blowing out from the pipes and boiler the water which had remained there since the preceding Thursday. At ten o'clock that night the premises were destroyed by fire.

The company refused to pay, on the ground that there had been a violation of the condition of the policy, which provided that it should be void in case the premises were occupied otherwise than for storage. At the time the fire occurred, and for some days previous thereto, the premises had been occupied for storage purposes only. All that was done after that date was the clearing up and the cleaning of the premises after the work of the season was over. The fire was merely built, as before stated, to empty the boiler and pipes of water, and to prevent their freezing during the winter, when the building was to be used exclusively as a place of storage for the goods manufactured during the summer. A fire for such purpose

would be no more a violation of the condition of the policy than a fire left to warm the men in charge of it during the cold weather.   A policy provides for the continued usual condition of the premises.   A single brief violation of the terms of the policy for the necessary work, incidental to the preservation of the property insured, will not be considered a breach of a condition which prescribes the use of the premises.   In Mears v. Humboldt Ins. Co., 92 Pa. 15, the policy forbade the keeping of benzine on the premises.   With proper caution, the insured took and used benzine on the premises insured, for the purpose of cleaning machinery, and it was held that the words, "keep or have," were intended to prevent the permanent and habitual storage of the prohibited articles, and, that taking them on the premises for the purpose of cleaning the machinery, was not embraced within the meaning of these words.   It was said, in the opinion of the court: "It would be straining a point to say, that bringing a prohibited article upon the premises upon a single occasion, and for the sole purpose of cleaning the machinery, was keeping or having it there within the meaning of the policy."

We think there is no merit in the contention, that the cleaning of the premises, and building the fire on Oct. 15, was a continuation of the business, which had been carried on during the summer, and which had ended on Oct. 10.   We are of opinion that judgment was properly entered for the plaintiff.

Judgment affirmed.