John M. Hutton, Appellant, *v.* Patrons' Mutual Fire Insurance Company of Southern Pennsylvania.

191   369
30 SC 1 81

*Insurance—Fire insurance—Use of premises—Waiver—Evidence.*

In an action upon a policy of fire insurance which stipulated that the entire policy should be void if gasoline should be kept on the premises, plaintiff is not entitled to recover where it appears that he kept gasoline upon the premises, and there is no evidence that the defendant had waived its right to set up such defense.

Defense to action on fire policy, that in violation thereof gasoline was kept on the premises, is not waived by the fact that the minutes of meetings of the directors showed that the directors laid the loss on the table, it being reported that a store on the premises had been conducted by permission of the insured, and that gasoline had been sold there, and that at a subsequent meeting they allowed the loss to lay on the table because of the store on the premises, and the defense recited the permission of the store on the premises without informing the company thereof.

Argued April 24, 1899.    Appeal, No. 227, Jan. T., 1898, by plaintiff, from judgment of C. P. Cumberland Co., Sept. T., 1897, No. 139, on verdict for defendant.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit on a policy of fire insurance.    Before BIDDLE, P. J.,

At the trial it appeared that the policy contained the following clause :

" This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if . . . . (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks. gasoline," etc.

The plaintiff was a director of the defendant company. He offered in evidence the minutes of the company of October 31, 1896, as follows, to wit: "Loss of John M. Hutton reported for one thousand dollars and laid aside for the present, it being reported that Mr. Hutton violated the rules of the company, having permitted a store in the building, and that not only coal oil was sold, but also gasoline."

Plaintiff's points and the answers thereto were as follows:

1. The court is respectfully requested to withdraw all the testimony tending to show that gasoline was kept on the premises insured, because the minutes of May 11, 1897, of the defendant company and affidavit of defense shows that the refusal to pay the loss was put solely upon the ground of a change of occupation, in that a store was opened and kept in the destroyed building, after knowledge that gasoline was kept there. After such waiver and the plaintiff having been put to the expense of suit, etc., it is too late to raise such reason on the trial. *Answer:* We do not think that the evidence in this case establishes a waiver by defendant of its right to set up in defense to the claim in suit that gasoline was kept upon the insured premises at and immediately prior to the time of their destruction by fire. The request is therefore refused. [1]

2. If the jury believe that the company defendant after knowledge that the tenant of plaintiff had kept gasoline in the building insured, assessed for losses upon said policy and the same was paid by the plaintiff, the verdict must be for the plaintiff. *Answer:* There is no evidence of an assessment such as is referred to in this point and therefore the matter involved in the point will not be submitted to the jury. [2]

Defendant's points and the answers thereto were as follows:

1. The evidence showing that the defendant company made no claim upon the plaintiff for an assessment under the policy in suit, and that after the defendant had rejected the plaintiff's claim, the plaintiff voluntarily paid an amount that had not been assessed, and which was not an amount specified in the assessment made by the company, such payment is not evidence of a waiver of defendant's rights and does not estop the defendant from denying its liability under the policy. *Answer:* This point is affirmed. [3]

2. Under the law and evidence in this case, the verdict of

the jury must be for the defendant. *Answer :* This point is affirmed. [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*J. W. Wetzel,* with him *Conrad Hambleton* and *Wm. Penn Lloyd,* for appellant, cited Kalmutz v. Ins. Co., 186 Pa. 571, Light v. Ins. Co., 169 Pa. 315 ; Wachter v. Assurance Co., 132 Pa. 428 ; Wilson v. Ins. Co., 174 Pa. 554 ; Highlands v. Ins. Co., 177 Pa. 566 ; W. & A. Pipe Line v. Ins. Co., 145 Pa. 346, McCormick v. Ins. Co., 163 Pa. 184.

*John Hays,* with him *W. F. Sadler,* for appellee, cited Lancaster Fire Ins. Co. v. Lenheim & Co., 89 Pa. 497 ; Ins. Co. v. Kroegher, 83 Pa. 64 ; National Ins. Co. v. Brown, 128 Pa. 387.

PER CURIAM, May 8, 1899 :

We find nothing in this record to justify a reversal of the judgment in favor of defendant. For reasons given by the learned trial judge, he was clearly right in refusing plaintiff's request, "to withdraw all the testimony tending to show that gasoline was kept on the premises insured," etc., as recited in the first specification. He was also right in refusing plaintiff's point for charge recited in the second specification, for the reason that there was no evidence of an assessment such as is referred to in that point.

Both of defendant's points recited in the third and fourth specifications, respectively, were warranted by the evidence, and therefore rightly affirmed ; and that left no question of fact for the consideration of the jury. There is nothing in either of the specifications that requires discussion.

Judgment affirmed.