No. 14,266.

DONAT PUCHEU vs. TOWN OF JENNINGS.

SYLLABUS.

In a case to which a municipal corporation is a party and where the questions to be determined affect the police regulations of a community, some latitude will be allowed in the interest of the public, and where the corporation has failed to establish an important fact by reason of incompetent evidence, and it is apparent that competent evidence is obtainable, the case will be remanded.

A PPEAL from the fifteenth judicial district, parish of Calcasieu. —*Miller, J.*

*Fournet & Fournet,* for plaintiff, appellant.

*Cline & Cline,* for defendant, appellee.

The opinion of the court was delivered by

MONROE, J. Plaintiff filed this suit, September 14th, 1901, alleging that he was, at that time, and had been, since the month of February, keeping a barroom in the town of Jennings; that, for the year 1901, he had paid federal, state, and parish licenses therefor, and had con-ducted the business in an orderly manner "in no way contravening any lawful ordinance of the town," but that the town, "through its mayor and aldermen, had, in violation of his legal and constitutional rights, forcibly hindered and interfered with him" by unlawfully issuing a warrant for his arrest in an attempt to impose upon him an excessive fine, and threatened to incarcerate him in a calaboose, * * * forcing him to employ counsel to defend his just rights," etc., thus inflicting great damage on him; and that, unless restrained, the town would continue in its unlawful course to his irreparable injury; and he prayed for an injunction restraining said town and its officers from interfering with him in the conduct of his business, and for judgment making the same perpetual and awarding him damages in the sum of $2000. The defendant, town, excepted that the court was without jurisdiction *ratione materiae et personae,* and that the petition disclosed no right, or cause, of action. It admitted that the plaintiff was conducting a barroom, as alleged by him, and it is averred that, by the wrongful issuance of the injunction, he had been enabled to do so in violation of a valid ordinance of the town, thereby preventing the town from collecting fines, to the amount of $100 a day from the date of the issuance of the writ, and subjecting it to an expense of $250 as the fee of its attorney, employed to obtain the dis-solution of said writ; and it prayed that the injunction be dissolved, the suit dismissed, and the plaintiff condemned in damages. The ex-ceptions were referred to the merits, but, after trial on the merits, the exception to jurisdiction was maintained to the extent that the injunc-tion was dissolved and the plaintiff condemned to pay $250 as attor-ney's fees.

The decree does not reject the plaintiff's demand for damages or dismiss the suit, it merely dissolves the injunction and condemns him to pay to the defendant $250, as attorney's fees, with costs. We should suppose that this was inadvertence if it were not for the fact that counsel for defendant states, in his brief, that the judge "before signing the judgment erased "the clause, 'the plaintiff's demand for

damages is dismissed,' leaving the judgment as it is in the record."
The defendant has, therefore, filed an answer to the appeal praying that
the judgment be amended "by the addition of a decree dismissing
the plaintiff's demand with costs and increasing the damages allowed
defendant, in accordance with its demand in reconvention."

The evidence shows that the plaintiff had paid the state $100 and the
parish of Calcasieu $300, as licenses for the business of retail liquor
dealer for the year 1901, and that he had, also, paid a license to the
United States. It further shows that he was conducting that business
in the town of Jennings prior to the 15th of August, that on that day
he was ordered by the town marshal who acted under instructions
from the mayor, to close his establishment, that he complied with the
order, and kept his place closed for a month, when he sued out the
injunction in this case and reopened, and that he, thereafter, carried
on his business and was so carrying it on at the date of the trial. It
is not claimed that the business was a nuisance *per se,* or by reason of
the manner in which it was conducted, the action of the mayor and the
marshal being predicated entirely upon an ordinance, prohibiting the
selling or giving away of spiritous liquors within the limits of the
town, under penalty of fine, or imprisonment, or both, which was
adopted by the town authorities July 9th, to go into effect August
15th, 1901. Objection was made to the character and sufficiency of the
evidence offered to show the adoption and publication of this ordin-
ance, and so far as it related to the adoption of the ordinance, was
properly overruled, as the minutes of the mayor and aldermen and
the ordinance book of the town were offered and show authority for
the prohibition and compliance with law up to that point. Sec. 11,
§26 and Sec. 33, Act 136 of 1898. It was attempted to prove publica-
tion by oral testimony, and the objection was made, and sustained,
that it was not the best evidence obtainable. The judge *a quo,* how-
ever, permitted the testimony to go in "to complete the record," and,
thereafter, as we assume, considered it for the purposes of his judg-
ment. The objection was well made and properly sustained as the
evidence indicates that the office of the newspaper in which the publi-
cation is said to have been made was easily accessible, and no reason
was given why such publication should not have been proven by its
files. The law applicable to the publication provides that "All ordin-
ances * * * shall, as soon as practicable after they are passed, be

published in some newspaper of the municipality, or, if there be no such newspaper, by posting at three or more public places within the corporate limits, for three weeks, and ordinances shall not be enforced unless, for cause, the contrary be ordered, for one month after their passage." Sec. 33, Act 136 of 1898. The publication was, therefore, as much a condition precedent to the enforcement of the ordinance as its adoption. A municipal court may take judicial cognizance of an ordinance of the municipality in which it exercises jurisdiction, but such ordiances must be proved in state courts of general jurisdiction, State ex rel. Cotonio vs. Judge, 105 La. 758. And, in order to prove them, it is necessary to show, in the manner required by the rules of evidence, that the law under the authority of which they are to be enforced has been complied with, at least to the extent that they have been adopted and made executory. This has not been done in the instant case, and we are, therefore, constrained to hold that the authority of the mayor and marshal, to interfere with the plaintiff in the conduct of what, for aught that appears from evidence, properly admitted, or admissible, was a lawful business, has not been shown.

There is, however, enough in the record to satisfy us that it is more than probable that the ordinance in question was published as the law requires, and as we are dealing with a municipal corporation in a matter affecting a police regulation of a community, we find ample authority in our jurisprudence for remanding the case in order that it may be more satisfactorily presented. Millaudon vs. 1st Municipality of New Orleans, 1st Ann. 215; Delabigarre vs. 2nd Municipality of New Orleans, 3 Ann. 230; Brown vs. Police Jury of Madison, 4 Ann. 180; Police Jury vs. McDonough, Ib. 352; Canal Co. vs. City, 44 Ann. 394; City vs. Werlein, 50 Ann. 1256.

It is, therefore, ordered, adjudged, and decreed, that the judgment appealed from be reversed and that the case be remanded for further proceedings according to law, the defendant and appellee to pay the costs of the appeal.