March 7, 1904.

———————o———————

No. 3218.

(Court of Appeal, Parish of Orleans.)

## BODENHEIMER & BRO. vs MARY PLANTING AND MANUFACTURING CO.

Original opinion heretofore handed down remains undisturbed. (See page 13.)

Judge Moore concurs in a separate opinion.

Judge Dufour dissents in a separate opinion.

Appeal from 28th. Judicial District Court, Parish of St. Charles.

Clegg & Quinteto and J. O. Daspit, for plaintiff and appellant.

L. H. Marrero, defendant and appellee.

ON THE REHEARING.

BEAUREGARD, J. The parties litigant stand, in this case on the same grounds originally urged to-wit: Defendant Company

on the fact that plaintiffs were suing on a written contract unsigned. Plaintiffs, that the allegations of their petition, with the written private agreement annexed thereto were sufficient to give them a cause of action.

The decree of the lower court based on the decision of 106 La. 310 Ferre Canal Co. vs Burgin, sustained defendant's exception of no cause of action dismissing plaintiff's suit, on the ground that "the document sued on, purportlng to be one under private signature was in fact signed by no one," although it bore stencilled signature of defendant Co's. agents. And further, that even this stencilled signature lacked that of its Secretary-Treasurer, which in the intendment of the parties was required, and that, this lacking there was no signature to the written contract declared on.

There can be no question as to the legal requirements that an act *sous seing prive* should be signed by the parties thereto. R. C. C. 2241.

But where (the signature of one of the parties lacking) assent has been manifested by the partial execution of the agreement, especially by the obligor (the seller of goods in this case) and the bill of sale is within the possession of the obligee, the purchaser who has received a part of the goods sold, and it may be said: *on account*, would it not be against good conscience to permit the seller to recede from an agreement under the protection of a technicality; because forsooth the fulfillment of his agreement may not prove to his interest?

It is urged that it was within the contemplation of the parties that the agreement sued on should have borne their respective signatures. Why should it not be equally inferred that the parties considered the agreement, as it stood, sufficient; and that it was not contemplated by them to be open to any further formality?

Both are inferences; the former weaker than the second which rests on facts i. e. partial delivery.

The syllabus of the opinion in 23 A. 572 Balch vs Young is as follows:

"The law does not require the acceptance of a contract to be expressed on its face, nor is it essential that the act (one of sale here) be signed by the party in whose favor it is made. The acceptance may result from his acts in availing himself of its stipulations, or in doing some act which indicates its acceptance. R. C. C. 1811.

In the case at bar, it is averred that under the agreement as it stood and annexed to the petition, 200 barrels of the 1200 barrels of molasses sold had been delivered. Would not this amount to a knowledge waiver and ratification of the agreement however defective it might have been in form. And dispensing with the further signature of the Secretary-Treasurer of defendant Company's agent; the Planters Dist. Co. Ltd. whose stenciled signature appears to the agreement.

It may—on the test of the question of agency—be shown that

137

defendant Company's agent had not the right to bind their principal, which question appertains to the merits. Ostensibly they had that power on the face of the papers, since execution followed the agreement they had signed; in spite of the absence of the signature of the Secretary-Treasurer.

As understood: In the Ferre Canal Co. 106 La. 310, the Court drew its inference, as to the contemplation of the parties to reduce their mutual contract or agreement to writing from the facts of the case and in view of negotiations contemplating their written contracts to be signed by the parties.

In this case no such negotiations were pending and presumable, unless based on an assumption justifying the bare urging of an exception of no cause of action.

This Court fails to see any good reason warranting a reversal of its original decree which it is ordered must remain undisturbed,

### CONCURRING OPINION.

MOORE, J. I do not understand that there is any place in the instant case for the application of the well settled proposition of law, and which, so far I am advised, no one disputes, that where the parties to a contract agree that it shall be reduced to writing this agreement becomes a part of the contract and, until it is fulfilled, the contract itself is incomplete, and that this rule is not restricted to executory agreements but apply as well to agreements partly carried out.

There is not the slightest reference in plaintiff's petition that the contract declared on is in writing or that it was the intention of the parties that the contract should be in writing unless it be that the document annexed to the petition which is referred to therein, "as the said contract of sale" can be taken as an averment of the existence of a written contract.

I, of course, understand the rule with reference to documents annexed to a petition to be that it controls the allegations of the petition. The document annexed to the petition and which the petition avers "will more fully" show the contract alleged to be existing between the parties is as follows:

New Orleans, La, Sept 30th, 1901.

SOLD—To Messrs Bodenheimer & Bro., of New Orleans, La., the molasses product of the "Mary Plantation" property of Henry S Crozier, Planter, consisting of about twelve hundred (1200) barrels at 2¼ cents per gallon net to the Planter, free on board Plantation. The purchasers agree to pay the Planter's Distributing Co., Ltd., ten cents (10c) per barrel brokerage.

Terms of sale—Net cash on presentation of gauger's certificates stamped. "The Planters Dist Co. Ltd."

SEC.-TREAS.

This document standing by itself does not in my opinion, es-

138

tablish the existence of any contract whatsoever, not because it is a writing unsigned, and still less because it evidences an agreement to reduce the contract to writing.

In my opinion the document is nothing more nor less than a mere bill, like might be made out by any merchant, or at most, or may be most likely, simply a written proposition or offer to sell, which may be accepted by the party to whom the offer is made, either verbally or in writing, or tacitly by availing himself of the offer made by accepting the goods, as in this case, offered for sale in writing. So regarding the document and coupling it with the allegations of plaintiff that they availed themselves thereof by receiving a part of the goods offered for sale, I think a proper cause of action is shown and therefore I concur with my brother Beauregard in the decree this day handed down.

### DISSENTING OPINION.

1. The agreement of the parties that a contract shall be reduced to writing is a part of the contract, and, until fulfilled, the contract itself is incomplete.

2. The application of this doctrine is not restricted to executory agreement but extends to agreements in part or in whole carried out.

DUFOUR, J. I understand the rule of law announced in 106 La. 309 to be that "the agreement of the parties that a contract shall be reduced to writing is a part of the contract, and, until fulfilled, the contract itself is incomplete, and that the application of this doctrine is not restricted to executory agreements, but extends to agreements in part or in whole carried out."

The contract sued on, the only one mentioned in the pleadings, is in writing and is annexed to and made part of the petition and not signed by both parties, there is no suggestion of any verbal contract; the best evidence that the parties intended to reduce it to writing is that they actually did reduce it to writing.

The alleged partial execution adds nothing to the contract declared upon but merely gives rise to a claim on a *quantum meriut*; the contract itself is for want of signature incomplete, and of no binding force on either party.

There was no prayer for amendment below, and as the case stands, no proof could have been received to establish any contract other than the one in writing. As it is insufficient in law, there is no contract between the parties, and hence the exception of no cause of action should be sustained.

I therefore dissent.