## McCurdy, Appellant, *v.* Orient Insurance Company.

*Insurance—Fire insurance—Covenants—Gasoline—Landlord and tenant.*

Where a policy of fire insurance contained a covenant that no gasoline should "be kept, used or allowed on the premises," and a tenant of the insured without the latter's knowledge sets up in the premises a gasoline -stove for domestic purposes, and a fire results from the stove destroying the building, the insurance company will not be liable for the loss.

Argued Oct. 27, 1905. Appeal, No. 198, Oct. T., 1905, by plaintiff, from judgment of C. P. Northumberland Co., Dec. T., 1902, No. 261, on verdict for defendant in case of Annie M. McCurdy *v.* Orient Insurance Company. Before RICE, P. J., ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before SAVIDGE, P. J.

The court charged as follows :

The facts of this case are not disputed. The insured, Annie M. McCurdy, was the owner of a double dwelling house on Fifth street, in the borough of Sunbury. This was occupied as a tenement house, she herself living elsewhere, and so described in the policy. So that it was understood at the time

that this policy was bought that is was to be used as a tenement house.   During the life of the policy, namely, July 22, 1902, the property was destroyed by fire.   There is no dispute as to the origin of the fire.

On the preceding day the tenant had taken to the house a gasoline stove, which was in use at the time the fire took place, and the use of which occasioned the fire.   They say the fire came through the use of gasoline as a fuel on the insured premises.

The policy of insurance contains the usual clause that if there be kept, used or allowed on the premises, gasoline among other things, that it seems to me, holds that the prohibited article may be on the premises for temporary use.

[Everything in this case indicates and shows clearly that gasoline was not temporarily to be used, on the single occasion, or on a day or two.   The testimony is that it was during the coal strike.   This tenant tried to get coal and could not and was using gasoline as a fuel because he could not get any other fuel.] [2]

It would be proper to hold that if gasoline was introduced for the purpose of mixing paint or for cleaning purposes, brought in temporarily for that, or for any other merely temporary purpose, that it did not come within the prohibitory clause of the policy.   But where it is brought in to be used for some length of time, and, especially to be used as fuel, it cannot be said it was there for a mere temporary purpose, in the sense the term temporary is used in the case referred to by counsel for the plaintiff.

[It is contended that because this was not either known to, or sanctioned by, the owner of the premises the policy was not avoided and she ought to recover.   We do not think the voidance of the policy is dependent upon the knowledge of the insured of the use of a prohibited article, gasoline in this case.   These words are not in the conjunctive but in the disjunctive, either the keeping or the usage or the permitting to be kept or used.

It has been argued that the plaintiff could not know what a tenant did, nor could prevent a tenant from the using of the prohibited article; that in this case this woman did not know and had ordered the tenant not to use gasoline or any of the

articles prohibited by the policy. We think that makes no difference. It will not be pretended that a tenant may, notwithstanding the prohibition of the use of dangerous articles upon the premises use them habitually and violate the terms of the policy and jeopardize the property.] [3.]

Nor will it be pretended that the insurance company could have any means of knowledge as to what was kept on the premises, or ought to have had knowledge. It is the owner or leasor who is expected to look after the property, and see what is being done upon it, whether the terms of the insurance are being violated. That would be reasonable and right. We think it makes no difference whether she had or had not notice, whether she did or did not command that there should be no gasoline used on the premises.

It is high time that owners understand that they are responsible for what their tenants do. Every policy of insurance ought to be accompanied with the notification, not only to persons insured who dwell upon the premises but especially to landlords, of the fact that these prohibitions are contained in the policy. Their attention ought to be especially called to it because it would take half a day, more or less, for a busy owner to read over, sift out and understand the fine print conditions of an ordinary policy.

You may return a verdict for the defendant.

The plaintiff presents a few points for me to answer.

1. If the jury believe from the evidence that the plaintiff had forbidden the use of gasoline stoves and that the tenant took it there at supper time on the day before the fire, which occurred at 7 A. M., such use would not avoid the policy because the plaintiff was without means of knowledge, expressed or implied, and hence had not violated the contract. *Answer:* This is the evidence. It is not a question whether the jury believe it or not. The facts are as contained in that point, but this point is refused. [4]

2. The words "keep, use or allow" refer to a known or continued use and cannot refer to such a use as is shown in this case. *Answer:* I have said to you that that is not the law, in my judgment. You might as well tear up policies of insurance, if that is the law, and say to the landlord you may have your premises insured, where the hazards are increased

on account of their being occupied by tenants, at the same rate that owners have their properties insured, and you are paying for these extra hazards for the landlords' property who don't look after their properties.   It all comes off the insured and they ought to be all treated alike. [5]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* among others, were (2–5) above instructions, quoting them.

*C. M. Clement*, with him *M. L. Snyder*, for appellant.—The plaintiff was not bound by the acts of the tenants done, not only without her knowledge, but against her positive protest: Farmers' & Mechanics' Ins. Co. v. Simmons, 30 Pa. 299 ; New Castle v. Kurtz, 210 Pa. 183 ; Krug v. German Fire Ins. Co., 147 Pa. 272 ; Bentley v. Ins. Co., 191 Pa. 276 ; Com. v. Switzer, 134 Pa. 383 ; Offerman v. Starr, 2 Pa. 394 ; Hill v. Pardee, 143 Pa. 98.

The words " keep, use or allow " refer to a known or continued use as is shown in this case : Mears v. Humboldt Ins. Co., 92 Pa. 15 ; Bentley v. Ins. Co., 191 Pa. 276 ; London, etc., Fire Ins. Co. v. Fischer, 92 Fed. Repr. 500.

*S. P. Wolverton*, for appellee.—Where the policy prohibits the use of a building for certain purposes, the policy becomes void if devoted to such uses by a tenant without the knowledge or consent of the assured : Birmingham Fire Ins. Co. v. Kroegher, 83 Pa. 64; Heron v. Phœnix Mut. Fire Ins. Co., 180 Pa. 257 ; Lancaster Fire Ins. Co. v. Lenheim, 89 Pa. 497 ; Hutton v. Patrons' Mut. Fire Ins. Co., 191 Pa. 369 ; Mead v. Ins. Co., 7 N. Y. 530 ; White v. Western Assur. Co., 18 W. N. C. 279 ; Whitmarsh v. Charter Oak Fire Ins. Co., 84 Mass. 581 ; Westfall v. Ins. Co., 12 N. Y. 289 ; Macomber v. Howard Fire Ins. Co., 73 Mass. 257 ; Diehl v. Ins. Co., 58 Pa. 443 ; Long v. Beeber, 106 Pa. 466 ; Wetherell v. City Fire Ins. Co., 82 Mass. 276 ; Trustees of Fire Assn. v. Williamson, 26 Pa. 196 ; Kelly v. Worcester Mut. Fire Ins. Co., 97 Mass. 284 ; McClure v. Watertown Fire Ins. Co., 90 Pa. 277 ; Matson v. Farm Buildings Ins. Co., 73 N. Y. 310 ; Steinmetz v. Franklin Fire Ins. Co., 6 Phila. 21 ; Duncan v. Sun Fire Ins. Co., 6 Wendell, 488.

OPINION BY HENDERSON, J., January 13, 1906:

The plaintiff's policy contained the following clause: " This entire policy, unless otherwise provided by agreement, endorsed hereon or added hereto, shall be void, if (any usage or custom of trade or manufacture to the contrary notwithstanding,) there be kept, used or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, Greek fire, gun powder, exceeding twenty-five pounds in quantity, naphtha, nitro-glycerine or other explosives." The property insured was a dwelling house. The plaintiff's tenant set up a gasoline stove in his kitchen for domestic use, and the next day the building was burned by a fire, which originated in the kitchen. It does not seem to be controverted that the fire was caused by the ignition of gasoline. The plaintiff had forbidden the tenant to use a gasoline stove, and did not know that there was one in the house. She contends, therefore, that she is not affected by the prohibitory condition in the policy. There can be no doubt that if the plaintiff had placed the stove there, herself, she could not recover. It was set up for household use, without any definite intention as to the duration of such use, and this is expressly forbidden in the policy. White v. Western Assurance Co., 3 Sadlers' Pa. Supreme Ct. Cases 267 ; Diehl v. Insurance Co., 58 Pa. 443 ; Long v. Beeber, Receiver, 106 Pa. 466 ; Hutton v. Insurance Co., 191 Pa. 369, are some of the numerous authorities, giving effect to prohibitive conditions similar to that contained in the plaintiff's policy.

The parties were competent to contract, and the provision is a reasonable one. No allegation of misrepresentation or deceit is set up and no legal reason is suggested for disregarding the contract. It was the privilege of the company to decline to enter into it, unless the insured agreed to exclude such inflammable substances as gasoline from the premises, and the contract was made with the express understanding that this should be done. Unless, therefore, the plaintiff is relieved from responsibility, because she was ignorant of the act of her tenant, she is not entitled to recover. The question is not one of good faith on the part of the insured, but one of contract, of absolute obligation, under a mutually understood state of facts. As between the plaintiff and defendant, the possession of the tenant was the possession of the insured. The defendant had

no power to determine who should occupy the premises, nor was it a matter of concern to it, whether the insured or a tenant resided therein. It does not relieve the insured, to show that the act, violative of the contract, was done without her knowledge, by a tenant or servant. In Diehl v. Ins. Co., 58 Pa. 443 and Long v. Beeber, 106 Pa. 446, the acts alleged to have worked the forfeiture of the policies, were committed by tenants, but this was held not to affect the right of the defendant, and not to be an excuse for an infringement of the covenants of the policy. To the same effect are Trustees of the Fire Association v. Williamson, 26 Pa. 196; McClure v. Watertown Insurance Co., 90 Pa. 277; Matson v. Insurance Co., 73 New York, 310; Kelly v. Insurance Co., 97 Mass. 284; Wetherell v. Insurance Co., 82 Mass. 276; Liverpool and London Insurance Co. v. Gunther, 116 U. S. 113 (6 Sup. Ct. Repr. 306); Wood on Fire Insurance, sec. 120.

The appellant contends that the words, " kept, used or allowed," in the policy, should be interpreted as referring to habitual use and Bentley v. Insurance Co., 191 Pa. 276, is cited as one of the latest utterances upon that subject. In that case, the presence of benzine on the premises was not expressly prohibited. The policy provided that if the risk of the building should afterwards be increased by any means whatever, within the control of the insured, or if the building should afterwards be occupied in any way so as to increase the risk without notice to the company, the policy should be void during the continuance of such increased risk. Benzine was sprinkled over the carpets and furniture for cleansing purposes. This was deemed by the court to be a use of the most temporary and occasional character, and not an increase of the risk within the terms of the policy. In Mears v. Humboldt Insurance Co., 92 Pa. 15, the property insured contained machinery, and benzine was used to clean this machinery. In view of the subject insured, this was held not to be keeping or having the prohibited article on the premises, within the meaning of the policy. So, too, in Krug v. Insurance Co., 147 Pa. 272, it was held that a single brief violation of the terms of the policy for the necessary work incidental to the preservation of the property insured, will not be considered a breach of the condition. In Lancaster Silver Plate Co. v. National Fire Insurance Co.,

170 Pa. 151, the property insured was used in the business of silver plating, and evidence was held permissive that gasoline was necessary in carrying on the business of silver plating, and that it was used when the policy was issued. Such being the case, it was considered that the insurance was taken out with reference to the business carried on, and that it was not in the contemplation of the insurer, that the business should cease because its prosecution involved the use of material included among the prohibited articles. The parties were held to have contracted with the understanding that business was to be conducted with the materials then in use, which were necessary to its operation. The cases which are supposed to support the contention of the appellant, are all distinguishable from the one now under consideration. They discriminate between the temporary or casual, and the continued or habitual keeping or use; between a keeping or use, necessarily involved in the prosecution of the business, and therefore in contemplation by the contracting parties, and the keeping or use not so involved. Where the use is so transient and incidental as not to have, in any sense, the character of continuity, the terms of the policy are said not to be violated. The appellant's case involves a different state of facts. A positive condition of the policy forbade the use of gasoline on the premises; notwithstanding this prohibition, a gasoline stove was placed in the kitchen for domestic use. It was there without a definite limitation of the time during which it would be used. It was not intended by the plaintiff or the defendant that it should be used in connection with the occupancy of the premises. The use cannot be said to have been temporary in the sense in which that term is employed in the adjudicated cases. A transient use is one which must be brief in the nature of things. The use in this case might have continued, so far as is disclosed by evidence, until the end of the tenant's term. Testimony was introduced to show that the gasoline was used because of a coal strike, which rendered it difficult to secure other fuel. The evidence falls short, however, of showing an inability to secure other fuel, nor are we willing to concede that a positive condition of the policy might be persistently violated for that reason.

The judgment is affirmed.