———o———

No. 7059.

## BUFFALO SPECIALTY CO. v. G. PITARD'S SONS,

### Syllabus.

When a plaintiff sues on notes signed "G. Pitard's Sons", and cites "Widow Gustave Pitard", and prays for judgment against her on the allegation that she is "G. Pitard's Sons", doing business under that name, he must make proof of that fact on confirmation of default, or the judgment will be reversed.

An affidavit made by plaintiff's attorney at law verifying a petition that "all the facts and allegations therein contained are true and correct to the best of his knowledge and belief" is not sufficient evidence in proof of the allegations of the petition to confirm a default.

A case will be remanded for additional evidence when in so doing the ends of justice will be subserved.

Appeal from the Civil District Court, Parish of Orleans, No. 119,329, Division "C"; Honorable E. K. Skinner, Judge. Reversed and remanded.

Sol Weiss, for plaintiff and appellee.

Delvaille H. Théard, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiffs pray for judgment against Widow Gustave Pitard on two notes signed "G. Pitard's Sons."

They allege that Widow Gustave Pitard, doing business as "G. Pitard's Sons", is indebted unto them in the sum of $156.40 with interest for this, to-wit: That they are the owners and holders of two notes signed by the said G. Pitard's Sons on August 24th, 1916, one for the sum of $95.50 and one for $100 with interest, subject to a credit of $39.10. They pray for citation on Widow Gustave Pitard, doing business as G. Pitard's Sons, and for judgment against her for $156.40, with interest.

Annexed to this petition is the affidavit of plaintiff's attorney at law that "all the facts and allegations therein contained are true and correct to the best of his knowledge and belief."

The citation was addressed to "Mrs. Cecile Maupay, widow Gustave Pitard, doing business as G. Pitard's Sons" and was served upon her in person.

In the absence of any answer, default was entered against "the said defendants G. Pitard's Sons."

After legal delays this default was confirmed in the following language:

> "On motion of Sol. Weiss, Attorney for the petitioner, and on his producing in open Court due proof in support of petitioner's demand; the Court considering the law and the evidence to be in favor of petitioner and against the defendant, for the reasons orally assigned, It is ordered, adjudged, and decreed that the default herein entered on the 26th day of February, 1917, be now confirmed and made final, and that accordingly there be judgment herein in favor of petitioner, Buffalo Specialty Company, against the said defendant, Mrs. Cecile Maupay, widow of Gustave Pitard, doing business as G. Pitard's Sons in the full sum of $156.40 &c."

The note of evidence on confirmation of default reads as follows:

> "Testimony and note of evidence in confirmation of default taken on March 1st, 1917, before the Honorable E. K. Skinner, Judge, presiding:

> "Present—Sol Weiss, Attorney for plaintiff—Defendant absent and unrepresented.

> "By Mr. Weiss: Counsel for plaintiff offers, introduces, and files in evidence, the petition herein and the notes herein sued upon, annexed thereto and made part thereof; also the citation and the sheriff's return thereon showing personal service on February 12, 1917, and also the minute entry of default herein on February 26, 1917."

Widow Gustave Pitard appealed. She argues that there was no proof made that she was doing business as G. Pitard's Sons or that she was connected with them in any manner.

397

Article 312 of the Code of Practice provides:

"If two days after the first judgment has been rendered, the defendant neither appear nor file his answer, definite judgment will then be given for the plaintiff, provided he prove his demand. This proof is required in all cases." C. P. 360.

In *Kearney v. Robert Fenner & Co.*, 14 A., 870, the Court said:

"This action was instituted upon five promissory notes, payable to the order of plaintiff and signed 'R. Fenner & Co.' The petition alleges that the firm of R. Fenner & Company is a commercial partnership composed of Robert Fenner and William Crawford. Citation issued to 'R. Fenner & Company' and was served upon R. Fenner in person. Judgment by default was rendered and confirmed. The only evidence offered to confirm the default was the five notes sued upon in this case. The judgment was against Robert Fenner and William Crawford *in solido*. They have separately appealed and assign for error, that the return of citation was insufficient to justify the default; and that the evidence offered was insufficient to justify the final judgment. * * * We cannot, however, stretch the admission implied from the judgment by default, to the allegation contained in the petition, that the appellant, William Crawford (whose name does not appear in the firm, nor in the return of citation) was a member of the firm of R. Fenner & Company. This is a fact which should have been proved, under the circumstances, before entering up final judgment against him individually."

Neither was there any evidence that the two notes sued on had been signed by "Widow G. Pitard" or by any one authorized by her. In 16 *La.*, 313 (315), *Bryan v. Spruell*, the Court said in reversing a confirmation of default:

398

"The District Judge ought to have required satisfactory proof of the defendant's ordinary mark on the note sued on, and having not done so, his judgment must be reversed."

See also 14 *A.*, 735; 9 *A.*, 95; 15 *La.*, 231.

But plaintiffs argue that their petition contains the allegation that Mrs. Cecile Maupay, widow Gustave Pitard, does business under the name of "G. Pitard's Sons", that their petition is sworn to, that they have offered the petition in evidence, and that the offer includes the affidavit annexed to the petition, which is sufficient proof of all the allegations of the petition for the purpose of confirming a default.

Assuming that the offer of the petition carried with it the affidavit, and that this affidavit made out of the presence of the Judge was admissible, the fact is that the affidavit was made by plaintiff's attorney at law only "to the best of his knowledge and belief." This means from information received from his clients or from some one else, but not of his own knowledge. We are of the opinion that in order to prove up a case, the law requires the positive testimony of a witness who has personal and direct knowledge of the fact he swears to. 14 *A.*, 194; 40 *Cyc.*, 2193, *S.* 3.

Article 216 of the Code of Practice authorizing attorneys to swear to the best of their knowledge and belief applies to affidavits for obtaining conservatory writs.

Paragraph b of section 5 of the Practice Acts of 1912 and 1914 authorizes attorneys to verify a petition. But it could not be contended in either case that such affidavit made by an attorney "to the best of his knowledge and belief", but without any positive knowledge, would be sufficient basis for a judgment upon the merits of the claim.

399

We are therefore of the opinion that the default herein has been confirmed without sufficient evidence. But as this may have resulted from an oversight, the ends of justice will be subserved by affording plaintiffs an opportunity to make the necessary proof and remanding this case for further trial. *C. P.* 906; 1 *H. D.*, 94 (*C*) *No.* 1; 9 *A.*, 95; 21 *A.*, 135; 30 *A.*, 1198; 34 *A.*, 147; 43 *A.*, 219, 374; 49 *A.*, 1345; 51 *A.*, 308, 561, 618, 726, 1035; 52 *A.* 463 1719, 857, 775; 104 *La.*, 114; 107 *La.*, 413.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court herein be reversed and annulled; that the judgment herein confirming the default be set aside and that this suit be remanded to the District Court for further proceedings according to law, the plaintiffs and appellees to pay the costs of this appeal and the costs of the District Court to await the final judgment herein.

Opinion and decree, June 11th, 1917.