STATE ASSURANCE CO & al

 vs No. 8303

E. F. BROWN,
 Appellant.

March 27th, 1922.

STATE ASSURANCE CO. & al

vs

No. 8303

E. F. BACON,
 Appellant.

### CHARLES F. CLAIBORNE, JUDGE.

Plaintiff sued the defendnat for damages for running into his automobile and damaging it to the extent of $231.20.

Defendant denied all the allegations of the petition except the collision.

Plaintiff annexed to his petition an itemized account of the damage done, according to a bill paid by the plaintiff to an automobile repairer. On the trial of the case the plaintiff offered this bill in evidence. To which offer the defendant objected

"unless the items stated thereon are proven by competent witnesses".

The Court ruled that the objection should go to the "effect" and not to the "admissibility" of the bill.

The only other evidence concerning the damage to the car is the testimony of the plaintiff himself who says:

Q. "I present you with a bill; do you know sufficient about an automobile to testify as to repairs to an automobile?

A. Yes, sir.

Q. I hand you a bill of Jordan-Ladner Co. which specifies certain repairs, and as an automobile man I ask you if the charges on this bill are correct?

Mr. Hamlin (attorney for defendant) I object, until it is testified to by the man who did the repairs.

The Court. You will have to bring the man here who

626

made the repairs. This is secondary evidence. The objection is sustained.

The bill sued on is composed of some dozen items, commencing with repaint car $65.

The only evidence that defendant injured plaintiff's car is the following:

Q. What was the position of the two cars at the time or just after the collision?

A. Mr. Bacon's car turned over after he struck my car, and after it hit my car it turned over & c x x I asked him why did he run into me, and he said he must have gone to sleep, his glasses fell off".

There is absolutely no other evidence that defendant, ran into the plaintiff, or that he caused any damage to his automobile, unless we assume that the bill represents the amount and value of the damage done. Of course, we cannot do so unless there is some proof to that effect. Under the strict rules of practice the defendant would be entitled to a dismissal of the suit as in case of nonsuit. But as the ends of justice would not be subserved by such a ruling we prefer to exercise the discretion vested in us by Article C. P. 906 and to remand the case.1 H. D. p 94 (c); 138 La. 829; 123 La. 515; 108 La. 285; 107 La. 416; 104 La. 114; 52 A. 1719; 42 A. 860; 43 A. 874; 51 A. 618; 548 (561); 49 A. 1345; 4 Ct. App. 309.

It is therefore ordered that the judgment herein be set aside and reversed; and that this case be remanded for a new trial; costs of appeal to be paid by plaintiff and appellee and costs of the District Court to await the final judgment herein.

March 27th, 1922.